*GAM*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUNYOU PAN and MAISHENG ZHANG, Individually
and on behalf of all other employees similarly situated,

Plaintiffs,

- against -

HAN DYNASTY OF UNIVERSITY CITY INC d/b/s
"Han Dynasty", NEW HAN DYNASTY INC d/b/a "Han
Dynasty", MINHAN JIANG, JING ZHANG and Angel
Doe (Last Name Unknown).

Defendants.

**19   2411**

Case No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

*FILED*

JUN 0 3 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT

Plaintiffs JUNYOU PAN ("Pan") and MAISHENG ZHANG ("Zhang") on their own

behalf and on behalf of all other similarly situated employees of Defendants HAN DYNASTY OF

UNIVERSITY CITY INC. d/b/a "Han Dynasty", NEW HAN DYNASTY INC. d/b/a "Han

Dynasty", MINGHAN JIANG ("Jiang"), JING ZHANG ("Zhang") and Angel Doe (Last Name

Unknown) (collectively "Defendants"), by and through their counsel of record, HANG &

ASSOCIATES, PLLC bring this Complaint (the "Complaint") against Defendants, and allege,

upon personal belief as to themselves and their own acts, and as for all other matters upon

information and belief, and/or based upon the investigation made by their counsel, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this Complaint contending that Defendants have improperly failed

to pay overtime compensation to their employees, who work in Defendants' restaurant in

Pennsylvania, pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §

201 *et seq* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101,

1

*et seq*, and have failed to comply with the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260 8, *et seq* . and violated Pennsylvania common law.

2.      Plaintiffs were employed by Defendants as a cook and a kitchen helper at Defendants' Restaurant.

3.      During their employment with Defendants, when Plaintiffs and all similarly situated employees worked more than forty (40) hours per week, they were not properly compensated for their overtime hours pursuant to the FLSA and the PMWA.

4.      As a result of Defendants' improper and willful failure to pay its employees in accordance with the overtime requirements of the FLSA and the PMWA, Plaintiffs and all similarly situated employees have suffered damages.

5.      Plaintiffs bring this action to seek redress for Defendants' unlawful and improper conduct.

## JURISDICTION AND VENUE

6.      The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C § 216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

7. .    In addition, the Court has federal question jurisdiction over this action pursuant to *28* U.S.C. § 1331.

8.      The Court has jurisdiction over Plaintiffs PMWA claim pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District pursuant to 28 U S C. § 1391(b), because Defendants maintain a principle place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

2

**PARTIES**

10. Plaintiff Junyou Pan currently resides New York. Mr. Pan was employed by the Defendant New Han Dynasty Inc. from March 2, 2016 until May 2, 2018.

11. Plaintiff Maisheng Zhang currently resides Flushing, New York. Mr. Zhang was employed by the Defendant Han Dynasty of University city Inc. from September, 2015 to present.

12. Defendant Han Dynasty of University City Inc. is incorporated in the Philadelphia of Pennsylvania and is registered to transact business in the Philadelphia of Pennsylvania. Upon information and belief, Defendant Han Dynasty of University City Inc.'s corporate headquarters is located in this District, at 3711 Market Street, Philadelphia PA 19104.

13. Defendants New Han Dynasty Inc. is incorporated in the Limerick of Pennsylvania and is registered to transact business in the Limerick of Pennsylvania. Upon information and belief, Defendant New Han Dynasty Inc.'s corporate headquarters is located in this District, at 70 Buckwalter Rd, Limerick PA 19468.

14. Upon information and belief, Defendant Minhan Jiang is an owner, officer, shareholder, and manager of both Han Dynasty of University City Inc and New Han Dynasty Inc. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at both Han Dynasty of University City Inc. and New Han Dynasty Inc., establish their wages, set their work schedules, and maintain their employment records.

15. Upon information and belief, Defendant Jing Zhang is an owner, officer, shareholder, and manager of Han Dynasty of University City Inc. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees Han Dynasty of University City Inc., establish their wages, set their work schedules, and maintain their employment records.

3

16.    Upon information and belief, Defendants Angel Doe is an owner, officer, shareholder, and manager of New Han Dynasty Inc. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at New Han Dynasty Inc., establish their wages, set their work schedules, and maintain their employment records.

17.    At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and has had an annual gross volume of sales of not less than $500,000.00.

18.    Defendants Han Dynasty of University City Inc. and New Han Dynasty Inc. are Plaintiffs' employers with the meaning of the FLSA and PMWA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.    This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b) of the FLSA:

> All individuals who were employed by Defendants at "Han Dynasty of University City Inc." at 3711 Market Street, Philadelphia PA 19104 and "New Han Dynasty Inc." at 70 Buckwalter Rd, Limerick PA 19468, during the past three years (the "Collective Action Members")

20.    Plaintiffs bring this case as a collective action to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

21.    Plaintiffs estimates that there are at least 40 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using their payroll

4

and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Collective Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

22. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated restaurant employees were subject to the same uniform job description, compensation and overtime policies and practices, manuals, guidelines, scripts, standards, and operational procedures and practices. Further, Defendants' willful policy or practice, whereby they have failed to pay its employees proper compensation and overtime for all hours worked have affected Plaintiffs and similarly situated employees in the same fashion.

23. Plaintiffs requests the Court to authorize prompt notice to the Class to inform them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages and overtime compensation and liquidated damages and other penalties under the FLSA.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action individually, and on behalf of the following Pennsylvania state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who were employed by Defendants at "Han Dynasty of University City Inc." at 3711 Market Street, Philadelphia PA 19104 and "New Han Dynasty Inc" at 70 Buckwalter Rd, Limerick PA 19468, Since May 1, 2016 (the "Class")

25. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are at least 40 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices.

5

The precise number of class members can be easily ascertained by Defendants using its payroll and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Class Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

26.    There are questions of law and fact common to the Class, including, without limitation:

a. whether Defendants, based on its uniform and company-wide policies and practices, have failed to pay wages and overtime to Plaintiffs and the Class pursuant to the PMWA,

b. whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA,

c. whether Defendants acted knowingly, willfully or recklessly in violating the PMWA,

d whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount,

e. whether liquidated, punitive damages, or special damages are warranted under the PMWA, and

f whether Plaintiffs and the Class are entitled to declaratory or injunctive relief under the PMWA.

27.    Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs worked as a cook and a kitchen helper at Defendants' restaurant and suffered similar injuries as those suffered by the Class members as a result of Defendants' company-wide compensation policies and practices and failure to pay overtime. Defendants' conduct in improperly refusing to pay overtime compensation under the PMWA has affected Plaintiffs and the Class in the exact same way.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members. Plaintiffs have retained competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

29. This action is properly maintainable as a class action under Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because: a) the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; b) Defendants, by failing to pay proper compensation to its employees in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and c) the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30. Moreover, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.

## FACTUAL ALLEGATIONS

31. At all relevant times Defendants owned and operated "Han Dynasty of University City Inc." at 3711 Market Street, Philadelphia PA 19104 and "New Han Dynasty Inc " at 70 Buckwalter Rd, Limerick PA 19468.

32.   Upon information and belief, Defendants employ at least forty (40) employees at any one time in their restaurant. Plaintiffs and a large number of Defendants' other employees have not received their: (i) wages for all hours worked; and (ii) overtime pay as required by the FLSA and PMWA.

33.   Plaintiff Pan was employed as a cook at "New Han Dynasty Inc " located at 70 Buckwalter Rd, Limerick PA 19468 from March 2, 2016 until May 2, 2018. He was primarily responsible for frying food for the Defendants' restaurant patrons

34.   Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

35.   From March 2, 2016 until May 2, 2018, Plaintiff Pan worked at "New Han Dynasty Inc." He was paid $4,500 per month from March 2, 2016 to December 31, 2017 and was paid $4,700 per month from January 1, 2018 to May 2, 2018 by cash only

36.   During this period, Plaintiff Pan worked six (6) days per week with Tuesday off, but he usually worked seven (7) days per week with extra day payment. Although on menu, Defendant's open hour is from 11:15 am to 9:30 pm on Monday, Wednesday, Thursday, Friday and Saturday. He actually worked from 11:15 am to 10:30 on Monday, Wednesday, Thursday, Friday and Saturday without any breaks. Defendant's open hour on menu is from 11:30 am to 9:00 pm on Sunday, but Plaintiff Pan actually worked from 11:30 am to 10:30 pm on Sunday without a break. Plaintiff Pan worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiff Pan worked Sixty-seven and a quarter (67.25) hours per workweek on each

8

workweek. Plaintiff Pan worked twenty-seven and a quarter (27.25) hours of overtime hours per workweek.

37.     Plaintiff Zhang was employed as a kitchen helper at "Han Dynasty of University City Inc." located at 3711 Market Street, Philadelphia PA 19104 from September, 2015 to present. He was primarily responsible for chopping meat for Defendants.

38.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

39.     During the employment of Plaintiff by Defendants, Plaintiff Zhang was paid $2,700 per month by a combination of cash and check from December, 2015 to October, 2016. From October, 2016 to October, 2017, Plaintiff Zhang was paid $2,800 per month by a combination of cash and check. From October, 2017 to November, 2017, he was paid $2,850 per month by a combination of cash and check. From November, 2017 to March, 2018, Plaintiff Zhang was paid $2,950 per month by a combination of cash and check. From March, 2018 to present, Plaintiff Zhang was paid $3,000 by a combination of cash and check.

40.     From September, 2015 to February, 2019, Plaintiff Zhang worked six (6) day per week with Tuesday off. On Monday, Wednesday and Thursday, he worked from 11:00 am to 10:00 pm without a break. On Friday, Plaintiff Zhang worked from 11:30 am to 10.30 pm without any breaks. And on Saturday and Sunday, Plaintiff Zhang worked from 11:30 am to 10:00 pm without a break. From February, 2019 to present, Plaintiff Zhang has the same working schedule with one hour break every workday. He worked more than forty (40) hours per workweek on each

9

workweek. Specifically, Plaintiff worked Sixty-five (65) hours per workweek on each workweek. Plaintiff worked twenty-five (25) hours of overtime hours per workweek.

41.    At no point during Plaintiffs' employments with Defendants, were they ever required to utilize any means of recording or verifying their hours worked (e.g punch clock, sign-in sheet, fingerprint or ID scanner)

42.    Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

43.    The work performed by Plaintiffs required little skill and no capital investment.

44.    Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

45.    Plaintiffs often worked in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiffs compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations

46.    In addition to the Plaintiffs, during the time period Defendants usually employed at least forty (40) other employees simultaneously.

47.    Such individuals have worked in excess of 40 hours a week providing cashier, cook, chef, waiter/waitress, food preparation, dish washer and cleaning, bookkeeping, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the PMWA.

10

48. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

49. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

50. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

51. This practice violates the FLSA and the PMWA. See 29 U.S.C. § 207(a)(I). As a result of Defendants' unlawful practice, Plaintiffs and the Collective Action Members/the Class have suffered a loss of wages to which they are entitled under the FLSA and PMWA.

52. Defendants knew or showed reckless disregard for the fact that its failure to pay its employees overtime compensation was in violation of the FLSA and the PMWA.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *et seq.*
## (UNPAID WAGES/OVERTIME)

53. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs

54. Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiffs and similarly situated employees regularly worked more than 40 hours per week, but were not paid overtime. Defendants failed to pay overtime wages to Plaintiffs and similarly situated employees.

11

55. Defendants failed to accurately record actual hours worked by its employees.

56. The foregoing actions of Defendants violate the FLSA.

57. Defendants' actions were willful and not in good faith.

58. Defendants are liable to Plaintiffs and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. §§ 333.101 *et seq.*
## (UNPAID WAGES/OVERTIME)

59. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

60. The PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.104(a).

61. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

62. Plaintiffs and the Class are covered employees entitled to the PMWA's protections.

63. Plaintiffs and other members of the Class are not exempt from receiving PMWA overtime benefits.

64. Defendants are employers required to comply with the PMWA's mandates.

65. Defendants violated the PMWA by failing to pay Plaintiffs and other members of the Class proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

66. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

12

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. § 333.108
## WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.8
## (FAILURE TO MAINTAIN RECORDS)

67. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

68. Pursuant to 43 P S §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

69. Upon information and belief, defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the plaintiffs and the Pennsylvania Class and failed to furnish plaintiffs and the Pennsylvania Class with such information. The conduct of defendants was and is unlawful and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

## COUNT IV
## PENNSYLVANIA COMMON LAW
## PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. § 333.101
## WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.3
## (BREACH OF CONTRACT)

70. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

71. The conduct of the plaintiffs and members of the Class and the defendants, including the promise of the defendants to pay plaintiffs and members of the Class all amounts due to them in compliance with state and/or federal law in exchange for the performance by

13

plaintiffs and the members of the Classes of the duties of their employment, including their performance of their duties as restaurant employees, constitutes a valid contract between the parties.

72. The aforesaid contract was supported by good and adequate consideration.

73. Plaintiffs and the members of the Class fully performed all of the duties and obligations imposed upon them pursuant to their contract with defendants.

74. The conduct of defendants, in failing to pay the plaintiffs and the members of the Class all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

75. Therefore, plaintiffs and the Class demand that they be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, *et seq* and the WPCL, 43 P.S. § 260.3, for every pay period they were not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the Class period until the date of entry of judgment plus interest and attorneys fees.

## COUNT V
## PENNSYLVANIA COMMON LAW
## (UNJUST ENRICHMENT)

76. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

77. Defendants have retained for themselves the wages due and owing to the plaintiff and the Class resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by plaintiffs and the Class in direct

14

consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

78. Defendants have wrongfully failed, neglected and refused to pay to the plaintiffs and the Class all sums due to them as a result of which defendants have been unjustly enriched.

## COUNT VI
## PENNSYLVANIA COMMON LAW
## (GENERAL ASSUMPSIT)

79. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs

80. Plaintiffs and the Class performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

81. Defendants failed to pay plaintiffs and the Class in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

82. Instead, defendants have retained and appropriated for itself the payments due and owing to the plaintiffs and the Class resulting from overtime hours worked and expenditures charged to and incurred by plaintiffs and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

83. Defendants are indebted to plaintiffs and the Class for the services, work and labor performed by plaintiffs and the Class and for money had and received by defendants for the use and benefit of plaintiffs and the Class during the Class period until the date of entry of judgment plus interest and attorneys' fees.

## COUNT VII
## PENNSYLVANIA COMMON LAW
## (QUANTUM MERUIT)

84. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs

15

85.    Plaintiffs and the Class loyally and conscientiously served as employees of the defendants.

86,    Plaintiffs and the Class created value and good will for the Defendants and generated substantial income for the Defendants.

87,    The Defendants knew or should have known that Plaintiffs and other members of the class were to be fully paid for the work they performed, including overtime.

88.    The Defendants did not pay Plaintiffs and the Class overtime earned and accrued for the work they performed for the Defendants.

89.    Accordingly, Plaintiffs and the Class are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorneys fees.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that the Court enter an order:

a.    certifying this action as a collective action pursuant to 29 U.S C. § 216(b), and as a class action pursuant to Federal Rule of Civil Procedure 23;

b.    ordering Defendants to promptly file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime compensation as required by the FLSA;

16

c.      adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

d.      adjudicating and declaring that Plaintiffs and similarly situated employees are entitled to overtime compensation for hours worked in excess of forty (40) hours per week;

e.      adjudicating and declaring that Defendants violated the FLSA and PMWA by failing to pay Plaintiffs and similarly situated employees for their hours worked in excess of forty hours per week;

f.      awarding Plaintiffs and similarly situated employees overtime wages in an amount consistent with the FLSA and PMWA;

g.      awarding Plaintiffs and similarly situated employees liquidated damages in accordance with the FLSA and PMWA;

h.      awarding Plaintiffs and the Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA.

i.      awarding pre and post-judgment interest and court costs as further allowed by law;

j.      granting Plaintiffs and the Class leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

k.      for all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

17

Dated: Flushing, New York
      May 29, 2019

HANG & ASSOCIATES, PLLC

By: /s/ Jian Hang

Jian Hang, Esq. (ID # 319709)
136-20 38th Avenue Suite 10G
Flushing, New York 11354
Phone: 718.353.8588
Fax:     718.353.6288
e-mail: jhang@hanglaw.com
*Attorneys for Plaintiffs*

18

JS 44 (Rev 06 17)

**CIVIL COVER SHEET**

19                    2411

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Junyou Pan and Maisheng Zhang, Individually and on behalf of all other employees similarly situated, | HAN DYNASTY OF UNIVERSITY CITY INC d/b/a "Han Dynasty", NEW HAN DYNASTY INC d/b/a "Han Dynasty", MINHAN JIANG, JING ZHANG and Angel Doe (Last Name Unknown), |

**(b)** County of Residence of First Listed Plaintiff    Queens, New York
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia County
*(IN U S PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hang & Associates, PLLC.
136-20 38th Avenue Suite 10G
Flushing, NY 11354

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government
Plaintiff

☒ 3   Federal Question
*(U S Government Not a Party)*

☐ 2   U S Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Medical Malpractice | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
FLSA 29 USC 216(b)
Brief description of cause
overtime wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

JUN - 3 2019

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
05/29/2019

SIGNATURE OF ATTORNEY OF RECORD
/s Jian Hang

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____

_

# UNITED STATES DISTRICT COURT

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Queens, New York

Address of Defendant: 3711 Market Street, Philadelphia PA 19104; 70 Buckwalter Rd, Limerick PA 19468

Place of Accident, Incident or Transaction: _____ Philadelphia; Limerick

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 06/04/2019    *Attorney-at-Law / Pro Se Plaintiff*    319709   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A**   *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
*(Please specify)* Fair Labor Standards Act cases

**B**   *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jian Hang, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 06/04/2019    *Attorney-at-Law / Pro Se Plaintiff*    319709   *Attorney I.D. # (if applicable)*

JUN - 3 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

*Civ. 609 (5/2018)*



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Junyou Pan and Maisheng Zhang, Individually
and on behalf of all other employees similarly situated.:

v.

Han Dynasty of University City Inc d/b/a "Han Dynasty";
New Han Dynasty Inc d/b/a." Han Dynasty"; Minhan Jiang ;
Jing Zhang and Angel Doe (Last name Unknown)

CIVIL ACTION

**19   2411**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants  (See § 1 03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U S C  § 2241 through § 2255                      ( )

(b) Social Security   Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration · Cases required to be designated for arbitration under Local Civil Rule 53 2   ( )

(d) Asbestos · Cases involving claims for personal injury or property damage from
exposure to asbestos                                                                          ( )

(e) Special Management   Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases )                                                                           ( )

(f) Standard Management   Cases that do not fall into any one of the other tracks             (X)

May 29, 2019                                          Plaintiff Panjun You
_____          _____       Plaintiff Maisheng Zhang
**Date**                    **Attorney-at-law**        **Attorney for**

718-353-8588               718-353-6288              jhang@hanglaw.com
_____          _____       _____
**Telephone**               **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

JUN - 3 2019